STATE OF MAINE                                   SUPERIOR COURT
                                                 CIVIL ACTION
KENNEBEC, ss.                                    DOCKET NO. CV-04-302
                                                 KEI I-SLS-3/29/06

ANNA M. CHICCARELLI,

         Plaintiff

         v.                                      **JUDGMENT**

JAMES A. BRANN and
ALFRED B. BRANN,

         Defendants


This matter came on for a bench trial to the court without jury on the plaintiff's complaint and defendants' counterclaim. The court has fully considered all of the testimonial and other evidence, including the deeds for the property in question and the several survey plans. After that consideration, the court will enter judgment for the plaintiff on her complaint and on the defendants' counterclaim.

### Facts

This case arises from a boundary dispute between the plaintiff and defendants with regard to the boundary between their adjoining properties on Higgins Point in Cobbosseecontee Lake, West Gardiner, Maine. The boundary in question was created during the conveyance of property from a William Farr to Brainard Robinson in 1893. This parcel was carved out of a larger parcel belonging to Mr. Farr.

The "Robinson" parcel passed through other owners until 1986, when it was purchased from a Ms. deForest by a Brian Kelly and Ms. Chiccarelli. Ms. Chiccarelli purchased Mr. Kelly's interest in 1999. In contemplation of some improvements to her property, Ms. Chiccarelli hired Elliot Thayer to survey her property. The property had previously been surveyed in 1967 by John Collins, but Mr. Thayer arrived at a different

opinion as to the location of one of the boundaries – the boundary between the Chiccarelli and Brann properties. As part of his survey, Mr. Thayer spoke with the Branns concerning their information and the discrepancies he found. The Branns expressed their disagreement and stated that the Thayer survey pins "wouldn't last." Shortly thereafter, the Thayer pins did, in fact, begin to disappear or appear to be reset.

Following the Thayer survey, but before the plaintiff filed the present complaint, the Branns hired Kane Coffin to perform yet a third survey. Mr. Coffin observed that all three surveys – his, Thayer's and Collins' – are in general agreement with regard to three of the four boundaries. It is only the Chiccarelli/Brann boundary where there is a difference of opinion that results in a thin, pie-shaped piece of property measuring 15 to 20 feet at its narrowest side which is in dispute. Mr. Coffin's survey tended to follow that of Mr. Collins.

The surveys are complicated by the fact that the Chiccarelli property is bound on two sides by the waters of Lake Cobbosseecontee. Although the lake apparently is natural in formation, the water level is controlled by a dam at its outlet into Cobbosseecontee Stream, and that water level tends to have some fluctuation. Therefore, measurements that are to be made "along the shore" may differ depending upon differences in the water level. For example, the Collins survey (defendants' exhibit 2) and Coffin survey (defendants' exhibit 6) both reference a foundation noted as "old Robinson foundation" and "old Robinson stable" which now is actually located under water. The implication is that at some time after Mr. Robinson purchased the property in 1893, rising water level in the lake caused a building – possibly a stable – to be abandoned. If this assumption is true, it means that the distances measured on the calls for boundaries which connect one shore to the other could have differed greatly.

Despite the difficulty just noted, after reviewing all of the evidence, the court finds that the rationale and survey results of Mr. Thayer are the most persuasive evidence of the boundary between the properties and its location on surface of the earth. Therefore, the court will enter a judgment which locates the boundary line in question by reference to the Thayer survey, which is plaintiff's exhibit 3.

The plaintiff has also sought judgment on the basis of adverse possession and prescriptive easement (counts II and III). These theories of the case are moot in light of the court's declaratory judgment on count I. In count IV, the plaintiff seeks a finding of common law nuisance with regard to a fence built by the Branns on the Collins survey line. Although the court will order the Branns to remove this fence as part of the declaratory judgment, it was built at a time when there was a legitimate difference of opinion as to where the boundary was and did not result in a substantial and unreasonable interference with the property under the circumstances. No nuisance is found.

Finally, in count VI the plaintiff seeks a finding that the defendants violated 14 M.R.S.A. § 7552(2)(C) by disturbing or removing the survey post or pipes. While the circumstances of the loss of survey markers here is very suspect, especially in light of the Brann remark that they wouldn't last, there is not sufficient evidence to make the necessary finding of causation.

The plaintiff also is requesting costs, including payment of the surveyor's fees pursuant to 14 M.R.S.A. § 7552(5). However, an award of damages pursuant to that provision requires that the target of the damages must have received written notice or actual knowledge of a claim prior to the provision of the professional services. Since Mr. Thayer performed his survey before the claim was made, and was in fact the basis for the claim, the statute does not apply.

In light of the foregoing, the entry will be:

(1)     Judgment for the plaintiff on count I and it is DECLARED that the boundary between the Chiccarelli and Brann properties is as set forth in the 2003 Thayer survey (plaintiff's exhibit 3);

(2)     It is ORDERED that the defendants shall remove their fence from the plaintiff's property;

(3)     Counts II and III are DISMISSED as moot;

(4)     Judgment for the defendants on counts IV , V and VI;

(5)     Judgment for the plaintiff on the defendants' counterclaims.

Dated: March 29 , 2006

S. Kirk Studstrup
Justice, Superior Court

ANNA M CHICCARELLI  - PLAINTIFF
87 OLD BURLINGTON ROAD
BEDFORD MA 01730
Attorney for: ANNA M CHICCARELLI
ROY PIERCE  - RETAINED 12/30/2004
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


vs
JAMES A BRANN  - DEFENDANT
38 FARRS ROAD,
WEST GARDINER ME 04345
Attorney for: JAMES A BRANN
CLIFFORD GOODALL  - RETAINED
DYER GOODALL AND FEDERLE LLC
61 WINTHROP ST
AUGUSTA ME 04330


ALFRED B BRANN  - DEFENDANT
35 FARRS ROAD,
WEST GARDINER ME 04345
Attorney for: ALFRED B BRANN
CLIFFORD GOODALL  - RETAINED
DYER GOODALL AND FEDERLE LLC
61 WINTHROP ST
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2004-00302


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/30/2004

## Docket Events:

12/30/2004 FILING DOCUMENT - COMPLAINT FILED ON 12/30/2004

12/30/2004 Party(s):  ANNA M CHICCARELLI
           ATTORNEY - RETAINED ENTERED ON 12/30/2004
           Plaintiff's Attorney: ROY PIERCE

12/30/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/30/2004
           Plaintiff's Attorney:  ROY PIERCE
           MAILED TO ATTY. OF RECORD

01/26/2005 Party(s):  JAMES A BRANN
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/11/2005
           DEFENDANT JAMES BRANN SERVED IN HAND FIRE RD 520, FARRS RD. WEST GARDINER, ME

01/26/2005 Party(s):  ALFRED B BRANN
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/11/2005
           DEFENDANT ALFRED BRANN SERVEDIN HAND AT FIRE RD 520 FARRS COVE WEST GARDINER, ME

01/26/2005 Party(s):  JAMES A BRANN,ALFRED B BRANN
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 01/26/2005
           Defendant's Attorney: CLIFFORD GOODALL